IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36186-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| NATHAN D. DEYARMIN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Nathan Deyarmin appeals the revocation of his

special sex offender sentencing alternative (SSOSA) and challenges two community

custody conditions and a few legal financial obligations (LFOs). The State concedes

error. We reverse and remand.

FACTS

In March 2012, the State charged Nathan Deyarmin with first degree child

molestation. In November of that year, Deyarmin pleaded guilty. Prior to sentencing, the

Department of Corrections (DOC) conducted a presentence investigation. Based on this

investigation, the DOC recommended that Deyarmin be sentenced to a SSOSA. The trial

court agreed with this recommendation and imposed a 60-month minimum and a

lifetime maximum intermediate sentence, but suspended it pursuant to SSOSA under RCW 9.94A.670. The intermediate sentence was suspended on several conditions. Those relevant to this appeal are that Deyarmin (1) serve 365 days in total confinement, (2) complete a five-year outpatient sex offender treatment program at Valley Treatment Specialties, (3) obtain and maintain employment, (4) commit no crimes, (5) not possess "any pornography, in any form," and (6) not "consume or possess any controlled substance, unless prescribed by [a] licensed practicing physician." Clerk's Papers (CP) at 46-47.

In March 2015, Deyarmin participated in a bi-annual polygraph test as part of his SSOSA. Deyarmin's answers to the test indicated possible deception to questions involving unreported sexual contacts, private contacts with minors, and viewing pornography. The DOC contacted Valley Treatment Specialties about the failed polygraph and discussed options. Crystal Ren at Valley Treatment Specialties recommended Deyarmin continue with treatment because he was trying hard, and the potential violations be addressed as a treatment matter. She requested DOC to recommend to the trial court that it modify its treatment order to include mental health treatment. DOC agreed. But no modified treatment order ever was entered.

In April 2018, Deyarmin was arrested after he was reportedly drunk and running through the street, rambling about it being the day after April 20—a day recognized for legalizing marijuana—and saying he was a sex offender who had raped kids. During this incident, Deyarmin also jumped onto and damaged the hood and windshield of a car.

Later that month, DOC filed a notice of violation. In addition to the charges described above, the DOC report discussed two urinalysis tests where Deyarmin had tested positive for THC,[1] Deyarmin's admission to masturbating while thinking of his victims, and describing himself as a serial child molester with over 40 victims.

Based on the DOC report, the State moved to revoke Deyarmin's SSOSA, alleging he had committed new crimes and had failed to maintain employment in violation of his SSOSA. The State did not make any allegations about Mr. Deyarmin's failure to make reasonable progress on his SSOSA treatment.

During multiple revocation hearings, the State commented less about its given reasons for revoking Deyarmin's sentence and more about Deyarmin's lack of progress in treatment. In response, defense counsel noted Deyarmin's treatment provider recommended continued treatment and argued that Deyarmin's current problems were the

---

[1] Tetrahydrocannabinol.

3

foreseeable result of failing to modify Deyarmin's treatment to include mental health treatment.

The trial court granted the States' motion, stating,

> All of the facts cited by the DOC in the most recent report and the new charges are very concerning.
> . . . .
> The escalation is really concerning to me. And I have to agree that the mental health issues were there before. They could have been addressed, they weren't addressed. And I think there is ample evidence now that requires me to revoke your SOSA.

Report of Proceedings (June 18, 2018) at 24.

Deyarmin timely appealed his SSOSA revocation to this court.

ANALYSIS

NOTIFICATION OF THE BASIS FOR SSOSA REVOCATION

Deyarmin contends his due process rights were violated by the State's failure to notify him that failure to make reasonable progress on his SSOSA would be a basis for the revocation action. The State concedes error and asks us to remand for a new revocation hearing. We accept the State's concession.

COMMUNITY CUSTODY CONDITIONS

Deyarmin contends the community custody condition prohibiting the use of controlled substances is overbroad, and the condition prohibiting the use of pornography

4

is unconstitutionally vague. He contends these issues are timely raised and cites *State v. McCormick*, 166 Wn.2d 689, 699, 213 P.3d 32 (2009) for the proposition that revocation of a suspended sentence is an extension of the original criminal conviction. The State concedes error, does not challenge the timeliness of these issues, and asks us to remand so the trial court can revise these conditions. We accept the State's concession.

In accordance with the State's recommendation, we direct the trial court to revise the controlled substance condition to read: "Shall not consume and/or possess controlled substances unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice." Also in accordance with the State's recommendation, we direct the trial court to revise the pornography prohibition to read: "Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your sexual deviancy provider." *See State v. Hai Minh Nguyen*, 191 Wn.2d 671, 679, 425 P.3d 847 (2018).

LFOs

Deyarmin contends the trial court failed to conduct an adequate inquiry into his ability to pay discretionary LFOs and that we should direct the trial court to strike those

costs. He also contends recent legislative amendments require striking the criminal filing fee.

The State does not contest the timeliness of this challenge and requests these issues be readdressed by the trial court. Because the question of indigency likely will depend on the trial court's revocation decision, we agree with the State. We, therefore, direct the trial court, on remand, to readdress the question of Deyarmin's indigency and LFOs.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.                    Fearing, J.